IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JEREMY ROACH,** | § | **CAUSE NO. 4:26-CV-4538** |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **RECTITUDE 369, LLC;,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jeremy Roach ("Plaintiff"), files this Original Complaint for Trademark

Infringement against Defendant Rectitude 369, LLC ("Defendant"), and in support thereof

would respectfully show the Court as follows:

I. NATURE OF THE ACTION

1. This is an action for trademark infringement, Lanham Act violations, trademark
   dilution, common law trademark infringement, and unfair competition by Rectitude
   369, LLC ("Defendant"). Because Defendant' infringement is ongoing and Plaintiff
   has been, and is likely to continue to be, harmed by such infringement, Plaintiff
   seeks monetary and injunctive relief.

II. PARTIES

9. Plaintiff, Jeremy Roach is an individual residing in Texas.

10. Defendant Rectitude 369, LLC is a limited liability company that, upon information
    and belief, conducts business in Texas with its principal place of business located at

594 Sawdust Road, The Woodlands, Texas 77380. Rectitude may be served at its registered agent, LegalCorp Solutions LLC, at 3 Greenway Plaza, Suite 1320, Houston, Texas 77046.

11. Defendant may be served with process at their registered office, principal place of business, residence, or wherever they may be found.

## III. JURISDICTION, CONTROLLING LAW, AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 et seq..

20. This Court has personal jurisdiction over Defendant because Defendant reside in Texas and/or have sufficient minimum contacts with Texas by conducting business in Texas, directing business activities toward Texas, committing acts of infringement in Texas, and causing injury to Plaintiff in Texas.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, Defendant conduct business in this District, and Defendant is subject to personal jurisdiction in this District.

## IV. FACTUAL ALLEGATIONS

22. Jeremy Roach conceived of the NETRAVEN mark and first used the mark in commerce in or about 2017 in connection with his technology-related business activities.

23. At various times, Roach used the NETRAVEN mark in connection with NetRaven LLC, a Texas limited liability company that functioned as Roach's operating entity. NetRaven LLC's use of the mark occurred with Roach's authorization and under his control.

24. Roach did not execute any written assignment transferring ownership of the NETRAVEN mark, or the goodwill associated with that mark, to NetRaven LLC, Anastasius Holdings Inc., or any other entity.

25. Plaintiff Jeremy Roach continuously exercised control over the nature and quality of the goods and services offered in connection with the NETRAVEN mark.

26. Any use of the NETRAVEN mark by NetRaven LLC or affiliated entities occurred under Plaintiff's direction, supervision, and control.

27. Plaintiff never intended to assign ownership of the NETRAVEN mark or the goodwill associated with the mark to Defendant, NetRaven LLC, Anastasius Holdings Inc., or any third party.

28. No written assignment of the NETRAVEN mark or associated goodwill has ever been executed.

29. In or about 2019, Plaintiff permitted Defendant to use the NETRAVEN mark in connection with collaborative business activities while Plaintiff retained ownership and control over the mark. Any such permission was limited, revocable, conditioned upon the parties' ongoing business relationship, and was never intended to transfer ownership rights in the NETRAVEN mark or associated goodwill.

30. On or about August 2024, Roach revoked any prior permission for Defendant to use the NETRAVEN mark and notified Defendant to stop using the name.

31. Despite that notice, Defendant continued using the NETRAVEN name and associated branding in commerce without Roach's authorization.

32. Upon information and belief, Defendant derived profits and commercial benefit from the continued unauthorized use of the NETRAVEN mark.

33. In September 2024, Roach filed an application with the United States Patent and Trademark Office to register the NETRAVEN mark.

34. Thereafter, on or about October 12, 2024, Defendant filed or attempted to file their own USPTO application for the NETRAVEN mark, despite Roach's prior use and pending application.

35. Defendant' later filing demonstrates their continued use of the NETRAVEN name and their attempt to assert rights adverse to Roach's prior rights in the mark.

36. Upon information and belief, Defendant' USPTO application has been suspended pending resolution of the competing claims to the NETRAVEN mark.

37. Defendant' continued use of the NETRAVEN mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant' goods and services.

## V. COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### 15 U.S.C. § 1125(a)

38. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Upon information and belief, Defendant continued using the NETRAVEN mark on invoices, customer communications, marketing materials, and business-related documents after Plaintiff revoked permission to use the mark.

40. Defendant' use of the NETRAVEN mark occurs in connection with substantially similar technology-related services associated with Plaintiff and targets overlapping customers and business relationships.

41. Plaintiff has received reports, communications, and information indicating customer confusion and continued association between Defendant and the NETRAVEN brand.

42. Defendant' continued use of the NETRAVEN mark following revocation of permission has damaged Plaintiff's goodwill, reputation, and ability to control the quality and identity associated with the mark.

43. Defendant' use of the NETRAVEN mark constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact.

44. Defendant' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant' services by Plaintiff.

45. Defendant' use of the NETRAVEN mark in commerce is likely to cause consumers to believe that Defendant is authorized, sponsored, affiliated with, or connected to Plaintiff.

46. Defendant' conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Plaintiff has suffered and will continue to suffer damages, including damage to goodwill, reputation, customer relationships, and business opportunities.

48. Plaintiff is entitled to injunctive relief, monetary damages, disgorgement of Defendant' profits, costs, attorneys' fees where authorized, and all other relief allowed by law.

## VI. COUNT II-DECLARATORY JUDGMENT

28 U.S.C. §§ 2201-2202

49. An actual controversy exists between Plaintiff and Defendant regarding ownership and use of the NETRAVEN mark.

50. Plaintiff Jeremy Roach conceived of, adopted, and first used the NETRAVEN mark in commerce beginning in 2017.

51. Any subsequent use of the mark by NetRaven LLC or affiliated entities occurred under Plaintiff's authorization and control and did not constitute an assignment or transfer of ownership.

52. Plaintiff never executed any written assignment transferring ownership of the NETRAVEN mark or associated goodwill to Defendant or any other entity.

53. Defendant have asserted rights adverse to Plaintiff by continuing to use the mark after revocation of permission and by filing or attempting to file competing trademark applications.

54. Plaintiff seeks a declaration that:

a) Plaintiff Jeremy Roach is the sole owner of the NETRAVEN mark;

b) Defendant possess no ownership rights in the NETRAVEN mark;

c) Defendant' use of the NETRAVEN mark is unauthorized; and

d) Defendant' competing trademark claims are invalid and subordinate to Plaintiff's rights.

## VII. COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

55. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Plaintiff owns common-law trademark rights in the NETRAVEN mark by virtue of prior and continuous use of the mark in commerce beginning in 2017.

57. Defendant' use of the NETRAVEN mark is identical or confusingly similar to Plaintiff's mark.

58. Defendant' use is likely to cause confusion, mistake, or deception among customers and prospective customers.

59. Defendant' use constitutes common-law trademark infringement.

60. Defendant' conduct has caused and will continue to cause damage to Plaintiff's goodwill, reputation, and business relationships.

61. Plaintiff is entitled to damages, disgorgement of profits, injunctive relief, attorneys' fees where available, costs, and all other relief allowed by law.

## VIII. COUNT IV – COMMON LAW UNFAIR COMPETITION

62. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

63. Defendant have used Plaintiff's NETRAVEN mark and goodwill to market, promote, invoice, sell, or provide services without Plaintiff's authorization.

64. Defendant' conduct is unfair, deceptive, and likely to confuse customers as to the source, sponsorship, affiliation, or approval of Defendant' services.

65. Defendant have unfairly benefited from Plaintiff's reputation, goodwill, and prior use of the NETRAVEN mark.

66. Defendant' conduct constitutes unfair competition under applicable common law.

67. Plaintiff has been damaged and will continue to suffer irreparable harm unless Defendant is enjoined.

## IX. COUNT V – TEXAS COMMON LAW / STATE LAW UNFAIR COMPETITION AND MISAPPROPRIATION

68. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Plaintiff has developed valuable goodwill, business relationships, reputation, and intellectual property associated with the NETRAVEN mark.

70. Defendant have wrongfully used Plaintiff's mark, name, and goodwill for their own commercial benefit.

71. Defendant' conduct has caused injury to Plaintiff and has enabled Defendant to obtain business, revenue, profits, and/or customers through unauthorized use of Plaintiff's intellectual property.

72. Defendant' conduct constitutes unfair competition and/or misappropriation under Texas law.

73. Plaintiff is entitled to damages, disgorgement, injunctive relief, attorneys' fees where allowed, costs, and all other available relief.

## X. ATTORNEYS' FEES AND COSTS

74. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

75. Defendant' conduct has been knowing, intentional, willful, and in bad faith.

76. Plaintiff has been required to retain counsel to prosecute this action.

77. Plaintiff seeks recovery of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), applicable state law, and any other applicable statute, rule, or equitable basis.

## XI. REQUEST FOR INJUNCTIVE RELIEF

78. Plaintiff Jeremy Roach incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Unless restrained and enjoined, Defendant will continue using the NETRAVEN mark and will continue causing confusion, reputational harm, loss of goodwill, and irreparable injury to Plaintiff.

80. Plaintiff has no adequate remedy at law because damage to Plaintiff's goodwill, reputation, customer relationships, and market identity cannot be fully compensated by monetary damages alone.

81. Plaintiff requests that the Court enter temporary, preliminary, and permanent injunctive relief prohibiting Defendant, their officers, agents, members, employees, representatives, successors, assigns, and all persons acting in concert with them from:

82. Using the NETRAVEN name, mark, service mark, business name, or any confusingly similar mark;

83. Advertising, marketing, promoting, selling, invoicing, offering, or providing services under the NETRAVEN name or any confusingly similar mark;

84. Representing or implying any affiliation, sponsorship, authorization, approval, ownership, or connection with Plaintiff;

85. Using any website, domain name, social media account, online listing, invoice, contract, customer communication, business document, software platform, marketing material, or digital material containing the NETRAVEN name or mark;

86. Filing, prosecuting, maintaining, or asserting any trademark application or claim adverse to Plaintiff's rights in the NETRAVEN mark; and

87. Taking any other action likely to cause confusion, mistake, or deception regarding the source, affiliation, sponsorship, ownership, or approval of Defendant' services.

## XII. DAMAGES

88. Plaintiff seeks all damages available under law, including but not limited to:

89. Actual damages;

90. Defendant' profits derived from the unauthorized use of the NETRAVEN mark;

91. Enhanced damages for willful infringement;

92. Damages for loss of goodwill, reputation, business relationships, and customer confusion;

93. Pre-judgment and post-judgment interest;

94. Costs of court;

95. Reasonable attorneys' fees; and

96. Any other relief the Court deems just and proper.

## XIII. CONDITIONS PRECEDENT

97. All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

## XIV. JURY DEMAND

98. Plaintiff demands a trial by jury on all issues so triable.

## XV. PRAYER

99. WHEREFORE, PREMISES CONSIDERED, Plaintiff Jeremy Roach respectfully requests that Defendant Rectitude 369, LLC, Seth Bailey, and Justin Norwood be cited to appear and answer, and that upon final trial or hearing, Plaintiff have judgment against Defendant as follows:

100.    That Defendant be found to have infringed Plaintiff's trademark and service mark rights;

101.    That Defendant be found to have violated the Lanham Act;

102. That Defendant be found to have engaged in false designation of origin and unfair competition;

103. That Defendant be temporarily, preliminarily, and permanently enjoined from using the NETRAVEN mark or any confusingly similar mark;

104. That Defendant was ordered to remove all infringing uses from invoices, websites, customer communications, online listings , advertisements, signage, contracts, digital materials, software platforms, and all other materials;

105. That Defendant be ordered to cease filing, prosecuting, maintaining, or asserting any trademark application inconsistent with Plaintiff's rights in the NETRAVEN mark;

106. That Defendant be ordered to provide an accounting of all revenue, invoices, contracts, customers, profits, and financial benefits received in connection with their use of the NETRAVEN mark;

107. That Defendant be ordered to withdraw, abandon, or cease prosecution of any trademark applications inconsistent with Plaintiff's superior rights in the NETRAVEN mark;

108. That the Court declare Plaintiff Jeremy Roach possesses superior rights and ownership interests in the NETRAVEN mark;

109. That Plaintiff be awarded actual damages;

110. That Plaintiff be awarded Defendant' profits derived from the infringement;

111. That Plaintiff be awarded enhanced damages for willful infringement, if applicable;

112. That Plaintiff be awarded reasonable attorneys' fees and costs;

113. That Plaintiff be awarded pre-judgment and post-judgment interest; and

114.    That Plaintiff be awarded such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Briana Robertson
Bar No.: 24130218
1400 Preston Road, Suite 400
Plano, TX 75093
bcr@bcrobertsonlaw.com
P: 214-432-5972
F: 985-256-5877

ATTORNEY FOR PLAINTIFF